Barnard, P. J.
The facts, so far as material to the point presented by this appeal, are not intricate.
The plaintiff was sued, in connection with one Weir, as partners." Ritchie denied the partnership. The suit was tried in the city court of Yonkers and the plaintiff was proven to have been a partner and judgment was recovered against him.
An appeal was taken to the county court and the judgment affirmed. This judgment was again appealed from to the general term of the supreme court.
Upon this appeal to the county court Ritchie gave an undertaking, signed by John B. Odell and John J. Littlebrandt.
The plaintiff was finally unsuccessful and the sureties were compelled to pay the judgment.
They then sued Richtie to recover the amount so paid as his surety.
Then Richtie obtained an order opening the default for which the appeal was dismissed in the supreme court, and *833 permitting him to print the papers and have the appeal heard.
Bitchie failed to print again, and the order opening the default was vacated, and Odell and Littlebrandt were permitted to take judgment.
As part of this order, Odell Littlebrandt, and Taylor, the defendant in this action, who was his attorney, was ordered to give a general release to Bitchie, and to one McFoll, who had indemnified Odell and Littlebrandt against loss on this undertaking on appeal. It is thus manifest that the only object of this release was to discharge the sureties on appeal, their surety and their attorney in the action.
The question of compensation between Bitchie and Taylor, as attorney and client in other matters than those involved in the action on the undertaking was not presented, and under the case was not within the provisions of the order requiring the release.
The action was only brought to recover money paid as surety and the costs of the action in which this recovery was sought.
There was no error therefore in holding that the release did not operate upon a claim which Allen Taylor had against Bitchie for services in the defense of the action in which the undertaking on appeal was given.
This is the only question presented.
The case shows a conflict of fact, but that is settled by the jury.
The judgment should therefore be affirmed, with costs.
Dykman, J., concurs.
Pratt, J.
The only error committed in the course of the litigation of Wier against Bitchie, for which defendant was clearly responsible, was in appealing from the order of affirmance made by the county court.
That appeal should have been from the subsequent judgment, instead of from the order.
The error was promptly discovered, and the appeal withdrawn, but as the costs were not paid upon withdrawal, the respondent in that appeal disregarded the withdrawal, and dismissed the appeal, with sixty-four dollars costs against the present plaintiff.
The circuit judge left the question to the jury whether defendant’s liability extended to the whole liability, sixty-four dollars, or should be limited to twenty dollars, the amount for which the appeal might have been dismissed when the error was discovered.
We think this ruling was correct. Defendant notified plaintiff of the error and of the need to *834 upon withdrawal. Plaintiff refused and failed to supply the necesssry money.
In view of the fact that defendant had tried the cause in the city court and conducted the appeal in the county court up to that time without being paid anything on account of his services, which are shown to be worth from seventy-five dollars to one hundred dollars, we do riot think it his duty to advance the twenty dollars required to obviate the effects of his mistake.
Not having been paid anything on account of his services, we think he was within his right to call upon the client to advance the money.
And the charge of the circuit judge that the jury might allow the larger or the smaller sum was as favorable as the-plaintiff had a right to expect.
The undisputed evidence is to the effect that defendant’s services were worth the sum of $175. By the verdict of the jury his claim for that amount was extinguished.
We do not find any legal ground in the testimony for mulcting him in that sum. But the plaintiff suffered much in the litigation, the defendant was to some extent responsible, and the decision of the jury that he should receive no pay was not unnatural.
The defendant does not appeal, and the judgment must be-affirmed, with costs.